IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STONEY L. SCHAEFFER | ) | Civil Action No. 06 - 189 |
| | ) | |
| Plaintiff, | ) | Judge Arthur J. Schwab / |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| HARRY E. WILSON, *Facility* | ) | |
| *Superintendent;* TIMOTHY CROSS, | ) | |
| *State Police Supervisor*; and NANCY D. | ) | |
| VERNON, *District Attorney,* | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

**II.      REPORT**

Plaintiff, Stoney Lee Schaeffer, a prisoner previously incarcerated at the State Correctional Institution at Fayette, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Named as Defendants are:  Harry Wilson, Superintendent; Timothy Cross, State Police Supervisor; and Nancy D. Vernon, Fayette County District Attorney.  Plaintiff's claims arise out of an incident that occurred on February 12, 2005 when he was allegedly assaulted by three inmates.  For the reasons that follow, the Complaint should be dismissed for failure to state a claim upon which relief can be granted against these Defendants under 42 U.S.C. § 1983.

**A. Standard of Review**

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1] Defendants are officers or employees of a governmental entity, *i.e.*, SCIP and DOC. Plaintiff has

---

[1] Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

been granted leave to proceed *in forma pauperis* in this action.[2]  Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e).  In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3]  Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim.  Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

### B. Plaintiff's Claim and Liability under 42 U.S.C. § 1983

Plaintiff seeks recovery under 42 U.S.C. § 1983 for an alleged attack by three other inmates on February 12, 2005 at SCI-Fayette.  Specifically, Plaintiff asserts that Correctional Officer Sappington purposefully opened the restricted housing doors to allow inmates Desmond McDougled, John Sparken and Jamel Brockington to attack him.  He claims that Officer Sappington refused to answer his intercom when he called for help at least four times.  He further claims that Officers Captain Gregory S. Mohring and Lt. Robert Stafford paid these three inmates to attack him

---

[2] *See* doc. no. 4.

[3] *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

and gave Sappington orders to open his cell door.

In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

To establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* *See also* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Here, Plaintiff seeks to hold defendants liable for failing to take action after the fact to prosecute the three inmates who attacked him, as well as Officers Sappington, Mohring and Stafford. These allegations do not allege any constitutional violation. *See, e.g.*, Trammell v. Keane 338 F.3d 155, 160 (2d Cir. 2003) (upholding District Court's dismissal of claim that prosecutors' failure to investigate inmate's allegations of mistreatment at the hands of the prison officials was an independent civil rights violation).

4

Moreover, Plaintiff's own admissions show that he cannot state a claim under the Eighth Amendment. In this regard, the Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). In addition, the Cruel and Unusual Punishments Clause of the Eighth Amendment protects inmates against the application of excessive force by correctional officers. Whitley v. Albers, 475 U.S. 312, 318-19 (1986). The Eighth Amendment further requires prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 834 ("[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'") (quoting Rhodes v. Chapman, 452 U.S. 337, 345 (1981)).

Every Eighth Amendment claim embodies both an objective and a subjective component. In the context of a "failure to protect" claim, a plaintiff must demonstrate that: 1) he is incarcerated under conditions posing a substantial risk of serious harm; and 2) prison officials showed "deliberate indifference" to such risk. *Id.*, 511 U.S. at 834. The first criterion requires a plaintiff to demonstrate that he suffered a deprivation that is "objectively sufficiently serious." *Id.* In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In

5

other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.  Helling v. McKinney, 509 U.S. 25, 35 (1993).

The second criterion, "deliberate indifference," requires that a plaintiff show that the defendant prison official had a sufficiently culpable state of mind.  Farmer, 511 U.S. at 828.  The Supreme Court explained the deliberate indifference standard in Farmer as follows.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  This approach comports best with the text of the Amendment as our cases have interpreted it.  The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."  An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. . . .  But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-838 (emphasis added).

Plaintiff's own admissions are insufficient to demonstrate a violation of the Eighth Amendment based on the Defendants' alleged failure to protect him from injury.  Specifically, Plaintiff has not demonstrated that Defendants acted with deliberate indifference to his safety.  To show deliberate indifference, the prison official need not believe or intend that the inmate will actually be harmed; rather, he is liable if he consciously ignores a known substantial risk to an inmate's safety.  Farmer, 511 U.S. at 842.  Here, there is no allegation that any Defendant was aware, or should have been aware, of any threat to Plaintiff's safety.  Specifically, Plaintiff makes no allegation that the three inmates were a known security risk or that he and these three inmates had

had any altercation in the past. Instead, he alleges that Officers Mohring and Stafford paid them to assault him.

As set forth above, Plaintiff's Complaint does not show that any of the Defendants violated any of his constitutional rights. Thus, his Complaint should be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

III.        CONCLUSION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

January 30, 2007                              Lisa Pupo Lenihan
                                              U.S. Magistrate Judge


cc:    Arthur J. Schwab
       United States District Judge

       Stoney L. Schaeffer, DW-8560
       SCI-Greene
       175 Progress Drive
       Waynesburg, PA 15370